*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0041**

State of Minnesota,
Respondent,

vs.

Jesus Ortega Rodriguez,
Appellant.

**Filed September 8, 2014
Affirmed
Rodenberg, Judge**

Lyon County District Court
File No. 42-CR-10-26

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Richard R. Maes, Lyon County Attorney, Marshall, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi Axelson, Assistant Public
Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and

Rodenberg, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Jesus Ortega Rodriguez challenges the revocation of his probation,

arguing that the district court abused its discretion because the need for confinement does

not outweigh the policies favoring probation. We affirm.

**FACTS**

In May 2010, appellant entered an Alford plea of guilty to a charge of second-degree criminal sexual conduct in exchange for the state's dismissal of a first-degree-criminal-sexual-conduct charge and the state's agreement to a downward dispositional departure from the Minnesota Sentencing Guidelines. The district court adopted the departure agreement and sentenced appellant to 60 months in prison, but stayed execution of the sentence and placed appellant on probation for 15 years. Appellant's probation was subject to several conditions, including that he obey all laws and refrain from using drugs or alcohol.

Over the next three years, appellant repeatedly violated the terms of his probation. In October 2010, appellant admitted violating his probation by using drugs and alcohol. The district court reinstated appellant's probation and ordered him to serve 90 days in jail. In January 2012, appellant admitted violating his probation by using alcohol. The district court reinstated appellant's probation and ordered him to serve 120 days in jail. In March 2013, appellant admitted that he had violated his probation by failing to remain law-abiding. Appellant had received five convictions for driving after revocation. The district court again reinstated appellant's probation and ordered him to complete 168 hours of community service. Three days later, appellant informed his probation officer that he had received another citation for driving after revocation.

Finally, in October 2013, appellant admitted violating his probation by being convicted of (1) driving after revocation, (2) driving without a license, and (3) fleeing a

police officer not in a motor vehicle. The district court revoked appellant's probation, stating:

> I'm going to make findings that [appellant] knew the conditions that were required of him as part of probation; that is, to remain law abiding. That the violations . . . must be considered intentional or inexcusable and the need for confinement outweighs policies favoring probation at this time. [Appellant] is in need of correctional treatment. [Appellant] has previously been sentenced with a . . . downward dispositional departure. [Appellant] has demonstrated since sentencing a repeated behavior that indicate[s] that [he] is unable to follow the terms of probation and to remain law abiding; as evidenced by the three prior probation violations and this probation violation that alleges . . . three separate criminal convictions. As such, I would find that to not execute [appellant's] sentence would unduly depreciate the seriousness of the violation and, as such, his probation must be revoked.

The district court executed appellant's 60-month sentence, and this appeal followed.[1]

## D E C I S I O N

When a probationer violates a condition of probation, the district court may continue probation, impose intermediate sanctions, or revoke probation and impose the stayed sentence. Minn. Stat. § 609.14, subd. 3(2) (2012). Before revoking probation, the district court must "(1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation." *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). The district court's determination that sufficient evidence exists to revoke probation is reviewed for an abuse of discretion. *Id.* at 249-50. But whether

---

[1] The state chose not to file a brief in this appeal. In accordance with Minn. R. Civ. App. P. 142.03, this case "shall be determined on the merits."

the district court satisfied the requirements under *Austin* to revoke probation is a question of law, which we review de novo. *State v. Modtland*, 695 N.W.2d 602, 605 (Minn. 2005).

Here, the district court found that appellant violated the conditions of his probation, that his violations were "intentional or inexcusable," and that "the need for confinement outweighs policies favoring probation at this time." Appellant does not challenge the district court's findings either that he violated probation or that the violations were intentional and inexcusable. He argues only that the district court abused its discretion in finding that the need for confinement outweighs the policies favoring probation. *See Austin*, 295 N.W.2d at 250.

When assessing whether revocation is proper under the third *Austin* factor, the district court must consider whether (1) "confinement is necessary to protect the public from further criminal activity by the offender"; (2) "correctional treatment . . . can most effectively be provided if [the offender] is confined"; or (3) "it would unduly depreciate the seriousness of the violation if probation were not revoked." *Modtland*, 695 N.W.2d at 607. The district court need only find the existence of one of these subfactors. *Austin*, 295 N.W.2d at 251. Here, the district court found that two subfactors support appellant's probation revocation: (1) appellant needs correctional treatment and (2) failing to execute his sentence "would unduly depreciate the seriousness of the violation." *Modtland*, 695 N.W.2d at 608.

Appellant argues that his "probation violations had no connection to his probationary offense." But the similarity of the probation violations and the underlying

4

offense is not a factor for the district court to consider.  *See id.* at 607; *see also Austin*, 295 N.W.2d at 249-50 (holding that the district court did not abuse its discretion in revoking the appellant's probation even though his probation violation of failing to follow his probation officer's instructions regarding treatment was unrelated to his burglary and aggravated-assault offenses).

Appellant also argues that the district court's findings on this factor are not supported by the record.  We disagree.  Appellant's original sentence was a downward dispositional departure from the guidelines.  He then repeatedly violated the conditions of his probation.  The record amply supports the district court's finding that appellant was "unable to follow the terms of probation and to remain law abiding."  Allowing appellant to remain on probation and to continue violating the law "would unduly depreciate the seriousness of the violation[s.]"  *See Modtland*, 695 N.W.2d at 607.  The district court therefore did not abuse its discretion in revoking appellant's probation.

**Affirmed.**